UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN, | No. 1:20-cv-00884-DAD-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING STAYING THIS ACTION PENDING COMPLETION OF PLAINTIFF'S APPEAL TO THE NINTH CIRCUIT |
| v. | |
| ANTHONY SIMS, JR., | |
| Defendant. | (ECF NO. 1) |
| | TWENTY-ONE DAY DEADLINE |

Plaintiff Kyle Petersen ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 25, 2020. (ECF No. 1). The Complaint brings claims concerning the search of his cellular telephones. Because Plaintiff is appealing the same issue to the Ninth Circuit, the Court recommends staying this civil-rights action pending a decision from the Ninth Circuit as set forth below.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II.   PROCEDURAL BACKGROUND**

The allegations in Plaintiff's complaint relate to several other actions in this district.

**A.   Allegations in This Complaint**

Plaintiff alleges as follows:

On February 26, 2019, Defendant Anthony Sims, Jr. ("Sims"), a special agent and computer forensic specialist employed by the Homeland Security Investigations, applied for and received a search warrant to search two cellular phones that were seized from Plaintiff. That warrant was pursuant to case no. 5:19-sw-00013-JLT (E.D. Cal). On February 27, 2019, Sims conducted a search pursuant to that warrant by reanalyzing previously captured forensic images.

2

This warrant was to be used in an ongoing criminal case against Plaintiff, *United States v. Petersen*, 1:17-cr-00255-NONE-SKO ("Criminal Case").[1] However, the search was not in accordance with the warrant. Sims reanalyzed previously captured forensic images that had previously been extracted in 2017. Those forensic images had already been suppressed in the Criminal Case. As such, Plaintiff alleges that Sims's search violated Plaintiff's Fourth Amendment rights:

> the search was not in accordance with the warrant. Defendant reanalyzed previously captured forensic images, that is, the images that had been extracted by the Defendant in 2017; the same evidence that had been suppressed in January of 2019.

(internal quotation marks omitted).

### B.    Previous Civil Action

While Plaintiff's criminal case was pending, he filed a different civil-rights action: *Petersen v. Sims et al.*, No. 1:19-cv-00138-DAD-EPG.[2] In that case, Plaintiff's first amended complaint contained allegations identical in substance to the ones here. On April 15, 2019, the Court's screening order determined that Plaintiff's claim, based on the allegations in that complaint, was *Heck*-barred because Plaintiff was involved in ongoing criminal proceedings. (No. 1:19-cv-00138, ECF No. 8, at 2-3).

### C.    Conviction and Appeal

Plaintiff moved to suppress the same evidence in the Criminal Case. In his March 4, 2019 motion to suppress, he argued that the relevant warrant application did not state the evidence from the phone had already been suppressed:

> The affidavit in support of the warrant omitted that:  1) HSI seized the phones as part of a parole search and searched the phones; 2) the defense moved to suppress HSI's search of the phones arguing parole helped HSI evade the Fourth Amendment requirement; 3) the court suppressed the government's search of the phones after the government did not oppose the motion "as drafted and presented;" and 4) HSI has maintained custody of the phones. After inserting the omitted facts, it is clear the independent source doctrine would not have applied

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). The Court will take judicial notice of its own records in other cases.

[2] The Court takes judicial notice of this case. *See Wilson*, 631 F.2d at 119.

and the warrant should have been denied.

Criminal Case, ECF No. 38 at 16 (paragraph break omitted).

The court denied Plaintiff's motion to suppress. Criminal Case, ECF No. 49 at 19:24-25 ("[T]he Court thereby [sic] denies the motion [to suppress] and denies the request for a *Franks* hearing."). Thereafter, Plaintiff pled guilty but retained his right to appeal. Criminal Case, ECF No. 67 at 1 (judgment, noting guilty plea to count 1 of the indictment and that appeal rights were given).

Plaintiff is currently appealing his denied motion to suppress on the same grounds he raises in the 1983 case before this Court. *United States v. Peterson*, No. 19-10246, Doc. No. 9 at 47 (9th Cir. Jan. 31, 2020) (in opening brief, arguing that "after obtaining the warrant, the TARGET DEVICES were reanalyzed utilizing previously captured forensic images. That is, the agent used the same forensic images previously ordered suppressed. Plainly, there can be no independent source when there is no independent search" (internal quotation marks and citation omitted)).[3]

### III. LEGAL STANDARDS

#### A. *Bivens* Actions

A *Bivens* action is the federal analogue to suits brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250 (2006). The basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. *Baiser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Schearz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). A *Bivens* claim is only available against officers in their individual capacities. *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff

---

[3] The Court takes judicial notice of the Ninth Circuit proceedings. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)).

must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. *Iqbal*, 556 U.S. at 676; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79.

### B.     Collateral Estoppel

"A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) (internal quotation marks and citation omitted),

For example, in *Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir. 1993), *abrogated on other grounds as recognized by Papa v. United States,* 281 F.3d 1004, 1009 n. 12 (9th Cir. 2002), a federal magistrate judge issued search warrants for Sanders's residence. That search discovered drugs, and Sanders and Matthews were charged with violating federal drug laws. Later, Sanders and Matthews brought *Bivens* actions, asserting their Fourth Amendment rights were violated with respect to the search warrant application. The Ninth Circuit affirmed the district court's dismissal for failure to state a claim because the matter was subject to collateral estoppel:

> The issue raised here is identical to the one raised by Sanders in his direct appeal of his criminal conviction. Indeed, Sanders's opening brief in this appeal incorporates by reference the Fourth Amendment arguments presented in his criminal appeal. We have held in his criminal appeal that the affidavit in support of the search warrant established probable cause and that Sanders's constitutional rights were not violated. The *Bivens* action filed by Sanders therefore is now barred by the doctrine of collateral estoppel.

*Id.* (citations omitted). *See also Chanley v. Gillis*, 466 F. App'x 582, 583 (9th Cir. 2012) (unpublished) ("In his criminal case, Chanley moved to suppress evidence on the ground that there were misrepresentations or omissions in the affidavit in support of the application for a search warrant, and that the warrant consequently lacked probable cause. The district court denied

5

1  the motion to suppress, Chanley was convicted of receipt and possession of child pornography,
2  and his conviction has been affirmed by this court.  Because the district court in the criminal case
3  already rejected Chanley's arguments regarding the warrant, Chanley is collaterally estopped
4  from re-litigating the issue here." (citations omitted)).

### C. Stays of Cases

"[A] district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)).

When a plaintiff's civil-rights lawsuit relates to a pending or potential criminal case, district courts often stay the civil rights action until the criminal case is complete. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 762 (9th Cir. 1991) (where plaintiff argued statute of limitations did not bar his action because he would have been collaterally estopped from bringing a civil rights action, noting plaintiff "could have filed his civil rights action within the limitations period and then asked the district court to stay that action pending the outcome of his habeas petition. Once his conviction was reversed, there could have been no collateral estoppel effect of any kind on his civil rights claims"); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (unpublished) (vacating dismissal and remanding for entry of stay for civil detainee's civil-rights lawsuit that related to ongoing civil-commitment proceedings). It also proper to stay such cases before ordering service. *See Rhoden v. Mayberg*, No. 1:08-CV-00100-LJO-DLB, 2010 WL 2679921 (E.D. Cal. July 2, 2010) (on remand from Ninth Circuit case cited above, noting "[b]ecause Plaintiff is the only party that has appeared in this action, it is Plaintiff's responsibility to notify the Court when state proceedings are complete").

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

The Court recommends staying this action until the Ninth Circuit resolves Plaintiff's appeal. Plaintiff has appealed an order to suppress a certain search to the Ninth Circuit and has also brought this civil-rights claim concerning that same search. Given the overlap, it is appropriate to stay Plaintiff's civil-rights case until his appeal is complete. *See Wallace*, 549 U.S. at 393-94; *Rhoden*, 361 F. App'x at 896.

Entering a stay will substantially facilitate the review of Plaintiff's case. If the Ninth Circuit affirms the motion to suppress, then Plaintiff may be estopped from arguing the same issue here. *See Matthews*, 990 F.2d at 468. In addition, depending on the Criminal Case's final disposition, Plaintiff's action here might be barred by *Heck v. Humphrey*, 512 US 477 (1994), or subject to other defenses.

## V. FINDINGS AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be stayed, pending completion of Plaintiff's appeal concerning the search of his cellular phone; and
2. Within 30 days of Plaintiff receiving an opinion from the Ninth Circuit concerning his appeal, Plaintiff be ordered to file such opinion together with a statement regarding whether he wishes to proceed in this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 2, 2020**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE