UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTHONY SIMS, JR.,<br><br>        Defendant. | No. 1:20-cv-00884-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 16) |

Plaintiff Kyle Petersen is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's motion for reconsideration of the undersigned's November 23, 2020 order (Doc. No. 15) adopting the assigned magistrate judge's September 2, 2020 findings and recommendations (Doc. No. 10). (Doc. No. 16.) In that order, the court stayed this action pending resolution of plaintiff's appeal to the Ninth Circuit from the judgment of conviction in his criminal case. (Doc. No. 15.) In particular, the court found the issues presented to the Ninth Circuit in that appeal were relevant to the claims plaintiff brings in this civil action concerning the search of his cellular phones in the investigation of his criminal case. (*Id.* at 2.)

/////

1

In his motion for reconsideration, plaintiff contends that the court should reconsider its order staying the action. However, none of plaintiff's arguments address the applicable legal standards governing motions for reconsideration. (Doc. No. 16 at 2–3.)

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). In seeking reconsideration of an order, Local Rule 230 requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, plaintiff provides no justification for reconsideration of the court's prior order. Plaintiff contends that the court "misunderstands the arguments on appeal," arguing that the issues presented in his appeal of his criminal conviction before the Ninth Circuit are irrelevant to his claims in this action concerning the search of his cellular phones in the investigation of the underlying criminal case brought against him. (Doc. No. 16 at 1–2.) The court has already considered this argument in its prior order, finding that "the issue [to be] decided by the Ninth

Circuit—whether the forensic images from plaintiff's cell phones were obtained in violation of the Fourth Amendment and should be suppressed in the criminal case—is clearly relevant to resolution of this civil action." (Doc. No. 15 at 2.)  In the present motion, plaintiff simply reiterates the same arguments he presented in his objections to the findings and recommendations (Doc. No. 14), but provides no new factual allegations or legal arguments.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 16) is denied;
2. This case shall remain stayed pending resolution of plaintiff's appeal from the judgment of conviction in his criminal case; and
3. This case is referred back to the assigned magistrate judge for further proceedings when appropriate.

IT IS SO ORDERED.

Dated: __December 15, 2020__         /s/ Dale A. Drozd
                                    UNITED STATES DISTRICT JUDGE