UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY SIMS, JR.,<br><br>    Defendant. | No. 1:20-cv-00884-DAD-EPG<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT ANTHONY SIMS, JR.<br><br>(ECF NO. 1) |

Plaintiff Kyle Petersen ("Plaintiff") is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff filed his complaint on June 25, 2020, alleging that Defendant Anthony Sims, Jr., a special agent and computer forensic specialist employed by Homeland Security Investigations (HSI), violated his Fourth Amendment rights by reanalyzing, pursuant to a search warrant, forensic images obtained from his cell phones that had previously been ordered suppressed in his underlying criminal case. (ECF No. 1, p. 1-3).[1]

After viewing the allegations in the complaint liberally and in the light most favorable to Plaintiff, the Court finds, for purposes of screening, that Plaintiff has stated a cognizable Fourth Amendment claim against Defendant Sims.

---

[1] This Court previously recommended that this case be stayed until the Ninth Circuit resolved Plaintiff's underlying criminal appeal, with the District Court adopting this Court's recommendations over Plaintiff's objections. (ECF Nos. 10, 14, 15). The Ninth Circuit has since affirmed, *see United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021), and the stay has been lifted. Accordingly, this case is now ready for initial screening.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint. On January 24, 2019, the District Court in his underlying criminal case suppressed evidence that HSI seized through two cell phone searches that occurred on May 23 and July 6, 2017. (ECF No. 1, p. 2). On February 26, 2019, Defendant

Sims, a special agent and computer forensic specialist employed by HSI, applied for and received a search warrant to search the two cell phones that were seized from Plaintiff. (*Id.* at 1-3). On February 27, 2019, Sims conducted a search pursuant to that warrant by reanalyzing previously captured forensic images. (*Id.* at 3). However, the search was not conducted in accordance with the warrant. (*Id.* at 3). Sims reanalyzed previously captured forensic images that had previously been extracted in 2017. (*Id.*). Those forensic images had already been suppressed in the criminal case in January 2019. (*Id.*). Plaintiff argues that the search violated his Fourth Amendment rights. (*See id.* at 7-8).

### III. THE NINTH CIRCUIT'S DECISION

Plaintiff entered a conditional plea agreement in his underlying criminal case, preserving his right to appeal the denial of his motion to suppress that challenged the legality of certain parole searches of Plaintiff's cell phones, which are not at issue in this civil case, and the legality of the HSI searches of his cell phones pursuant to a warrant, which are at issue in this case. *Peterson*, 995 F.3d at 1064.

The Ninth Circuit concluded that the District Court properly denied Plaintiff's motion to suppress the evidence seized as a result of the parole searches and the HSI searches pursuant to a warrant. *Id.* at 1067-68. As to the evidence obtained as a result of the search warrant, the Ninth Circuit ruled that the HSI searches were valid because the parole searches were constitutional and declined to reach an argument that Plaintiff waived relating to the HSI searches:

> Peterson argues that the warrantless seizure of his cell phones during the parole searches required suppression of the forensic evidence subsequently obtained by warrant. As just discussed, however, the parole searches were constitutionally permissible, and this argument fails.
>
> The Government did not rely on the independent source doctrine because the original parole searches were valid. On appeal, Peterson asserts that the phones "were reanalyzed utilizing previously captured forensic images." According to Peterson, these images were ordered suppressed when the Government filed a non-opposition to his first motion to suppress. Peterson argues that "there can be no independent source when there is no independent search."
>
> Peterson's argument is unavailing. Peterson failed to argue before the district court that the Government did not make new forensic images to analyze after obtaining the warrant, and therefore the argument is waived. *See United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004) (holding that a "theory for suppression not advanced in district court cannot be raised for the first time on appeal"). Had

3

>Peterson raised this argument below, the district court could have ruled on this factual dispute in the first instance, and if necessary, the asserted error could have been corrected by obtaining new forensic images of the phones. *See id.* (explaining that had the defendant made his suppression argument to the district court, the issue could have been addressed). The district court's order denying Peterson's motion to suppress was without error.

*Id.* at 1068.

## IV. LEGAL STANDARDS

A *Bivens* action is the federal analogue to suits brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250 (2006). The basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. *Baiser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). And *Bivens*, at least in certain circumstances, provides an available remedy for violations of the Fourth Amendment right to be free from unreasonable searches and seizures. *See Ioane v. Hodges*, 939 F.3d 945, 952 (9th Cir. 2018).

"To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Schearz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). A *Bivens* claim is only available against officers in their individual capacities. *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. *Iqbal*, 556 U.S. at 676; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79.

///

///

4

## V. EVALUATION OF PLAINTIFF'S COMPLAINT

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted).

Plaintiff's complaint alleges that Defendant Sims' searches, pursuant to a warrant, were unreasonable in violation of the Fourth Amendment because the searches reanalyzed previously collected images that had been suppressed by the District Court in Plaintiff's underlying criminal case. As detailed above, although this issue was raised before the Ninth Circuit, the Court concluded that it was waived because "Peterson failed to argue before the district court that the Government did not make new forensic images to analyze after obtaining the warrant." *Peterson*, 995 F.3d at 1068. Given Plaintiff's allegations, the relationship between this case and Plaintiff's criminal proceeding, and the Ninth Circuit's discussion of this issue, the Court finds that Plaintiff's complaint should proceed past the screening stage.[2]

## VI. CONCLUSION

The Court has screened Plaintiff's complaint (ECF No. 1) and finds that it states a cognizable claim against Defendant Sims for violation of Plaintiff's Fourth Amendment right against unreasonable searches. As this is the only claim Plaintiff brought, the Court will authorize service of the complaint on Defendant Sims.

\\\

---

[2] By allowing the complaint to proceed past screening, the Court is not precluding Defendant Sims from filing a motion to dismiss or otherwise challenging the complaint once he has appeared to defend this case.

5

Accordingly, IT IS ORDERED that:

1. Service of the complaint (ECF No. 1) is appropriate for the following defendant:

    a. **Anthony Sims, Jr., Forensic Specialist and Special Agent at U.S. Department of Homeland Security Investigations, in or about May 2017 through February 2019;**

2. The Clerk of Court shall SEND Plaintiff three (3) USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet, and one copy of the complaint (ECF No. 1);

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. A completed summons for Anthony Sims, Jr.;

    b. A completed USM-285 form for Anthony Sims, Jr.;

    c. Two completed USM-285 forms for the United States of America (one for the civil-process clerk at the United States attorney's office and one for the Attorney General of the United States at Washington, D.C.), *see* Fed. R. Civ. P. 4(i)(1)(A)(ii) & (B);

    d. Two completed summonses for the United States of America; and

    e. Four (4) copies of the endorsed complaint;

4. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

\\\
\\\
\\\
\\\
\\\

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **July 6, 2021**  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE