|  |  |  |
|---|---|---|
| 1 | | |
| 2 | | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KYLE PETERSEN, | Case No. 1:20-cv-00884-DAD-EPG (PS) |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE, FOR FAILURE TO COMPLY WITH THE COURT'S ORDER TO SUBMIT DOCUMENTS FOR SERVICE, AND FOR FAILURE TO PROSECUTE |
| v. | |
| ANTHONY SIMS, JR., | |
| Defendants. | |
|  | (ECF NO. 23) |
|  | TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Kyle Petersen is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff filed his complaint on June 25, 2020, alleging that Defendant Anthony Sims, Jr., a special agent and computer forensic specialist employed by Homeland Security Investigations, violated his Fourth Amendment rights by reanalyzing, pursuant to a search warrant, forensic images obtained from his cell phones that had previously been ordered suppressed in his underlying criminal case. (ECF No. 1, p. 1-3). Thereafter, this case was stayed until the Ninth Circuit resolved Plaintiff's underlying criminal appeal (ECF No. 15), with this Court screening the complaint after the Ninth Circuit affirmed, *see United States v.*
1

*Peterson*, 995 F.3d 1061 (9th Cir. 2021), (ECF No. 23). In the July 7, 2021 screening order, the Court concluded that Plaintiff stated a cognizable Fourth Amendment claim against Defendant Anthony Sims, Jr. (ECF No. 23). Accordingly, the Court ordered the Clerk to send, and for Plaintiff to return within 30 days of service of the order, certain completed documents necessary to achieve service. (*Id.* at 6). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 7).

More than 30 days have passed, and Plaintiff has failed to submit the required documents or otherwise respond to the Court's order. Without the required documents, the United States Marshals Service cannot serve Defendant Sims and this case cannot proceed. Plaintiff's failure to initiate service likewise implicates Federal Rule of Civil Procedure 4(m), which provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"Rule 4(m) applies to *pro se* litigants as well." *Johnson v. State of Nevada*, No. 2:14-cv-01425-GMN-PAL, 2016 WL 6154892, at *2 (D. Nev. Oct. 20, 2016). While Plaintiff might normally be "entitled to rely on the U.S. Marshal for service of the summons and complaint" in complying with Rule 4(m), he cannot do so where he has failed to "provide[] the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Here, the 90-day period from service of the Court's July 7, 2021 order (ECF No. 9) is approaching—approximately October 5, 2021, with no information yet provided by Plaintiff for the U.S. Marshal to even fattempt service. *See Taylor v. San Bernardino Cty. Sheriff*, No. EDCV 09-404-MMM-MAN, 2010 WL 5563843, at *1 n.1 (C.D. Cal. Aug. 27, 2010), *report and recommendation adopted*, No. 09-00404-MMM-MAN, 2010 WL 5564049 (C.D. Cal. Dec. 31, 2010) (starting Rule 4(m) deadline (formerly 120 days) from the date of the court's order authorizing the U.S. Marshal to effect service of process on the plaintiff's behalf). Accordingly, Plaintiff's failure to serve and comply with this Court's order to provide service documents is

delaying the prosecution of this case.

Local Rule 110, corresponding to Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause why this action should not be dismissed for his failure to serve, failure to comply with this Court's order to provide service documents, and failure to prosecute.

Plaintiff is ordered to file a written response to this order to show cause indicating whether he intends to pursue this action and explaining his failure to submit service documents by the required date. Alternatively, Plaintiff may submit the required documents. Any such response shall be filed no later than twenty-one (21) days after the date of service of this order. Plaintiff is cautioned that failure to respond to this order as set forth above may result in the dismissal of this action.

\\\
\\\
\\\
\\\
\\\
\\\

To assist Plaintiff with complying with this order, the Clerk is directed to mail Plaintiff a courtesy copy of the Court's July 7, 2021 order (ECF No. 23) along with the documents necessary to achieve service that are identified in that order.

IT IS SO ORDERED.

Dated:  **August 16, 2021**                    /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE