UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>        Plaintiff,<br><br>v.<br><br>ANTHONY SIMS, JR.,<br><br>        Defendant. | No.  1:20-cv-00884-DAD-EPG<br><br>ORDER REGARDING SERVICE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THAT THIS ACTION BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 32) |

      Plaintiff Kyle Petersen is a federal inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff filed his complaint on June 25, 2020, which alleges that Defendant Anthony Sims, Jr., violated his Fourth Amendment rights by unlawfully searching his cell phones. (ECF No. 1).

      On January 7, 2022, Defendant filed a motion to dismiss, arguing that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff from pursuing his *Biven*'s action because success on the merits would necessarily imply the invalidity of his conviction. (ECF No. 32). Plaintiff filed a response on January 18, 2022, and Defendant filed a reply on February 4, 2022. (ECF Nos. 33, 34).

      After review of the parties' briefs, the Court will recommend that Defendant's motion to dismiss be granted and that this action be dismissed.

## I. SUMMARY OF PLAINTIFF'S COMPLAINT

### A. Searches of Cell Phones

On February 26, 2019, Defendant Sims, a special agent and computer forensic specialist employed by Homeland Security Investigations (HSI), applied for and received a search warrant to search two cell phones—a Unimax model and a LG model—that were seized from Plaintiff. (ECF No. 1, p. 1-3). On February 27, 2019, Sims conducted searches pursuant to that warrant by reanalyzing previously captured forensic images. (*Id.* at 3). This warrant related to Plaintiff's underlying criminal case, *United States v. Petersen*, 1:17-cr-00255-LJO-SKO. (*Id.* at 2-3). However, the searches were not conducted in accordance with the warrant. (*Id.* at 3). Defendant reanalyzed previously captured forensic images that had previously been extracted in 2017. (Id.). Those forensic images had already been suppressed in the criminal case. (*Id.*). Plaintiff argues that the searches violated his Fourth Amendment rights. (*See id.* at 7-8).

### B. Criminal Proceedings

After Plaintiff was released from California state prison on parole, he was bound by certain agreed conditions, such as being unable to possess a cell phone with a camera and being subject to announced or unannounced examination of his electronic devices. *See United States v. Peterson*, 995 F.3d 1061, 1063 (9th Cir.), *cert. denied*, 142 S. Ct. 472 (2021).[1] A parole agent discovered cell phones (Unimax and LG models) in Plaintiff's possession on May 23, 2017, and July 6, 2017, finding child pornography. *Id.* The parole agent seized the cell phones and delivered them to HSI for a forensic search. *Id.* HSI searched the cell phones after Plaintiff's parole was revoked. *Id.* n. 1.

On November 2, 2017, Plaintiff was indicted on federal child pornography charges in connection with his Unimax and LG cell phones. (*United States v. Peterson*, Case No. 17-cr-00255-NONE-SKO, ECF No. 1). Plaintiff, represented by counsel, filed a motion to suppress the evidence found on the Unimax and LG cell phones, claiming that HSI agents violated Plaintiff's

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980). Additionally, the Court notes that Petersen also goes by "Peterson," which is why the latter spelling is used on appeal.

Fourth Amendment rights by searching the cell phones after his parole had been formally revoked. *(Id.* at ECF No. 24).

Although the government initially opposed the motion, after further investigation, the government filed a non-opposition brief to the motion to suppress. (*Id.* at ECF Nos. 25, 33). The District Court thus granted the motion to suppress and suppressed the evidence obtained by HSI from the cell phones seized on May 23, 2017 (the Unimax model) and July 6, 2017 (the LG model). (*Id.* at ECF No. 35). Defendant Sims subsequently obtained a warrant to search the Unimax and LG cell phones on February 26, 2019. (*Id.* at ECF No. 41-2, p. 19). The government alleged that no information from the prior searches was used in obtaining the warrant in February 2019 to search the cell phones. (*Id.*).

Plaintiff filed another motion to suppress, this time challenging the evidence seized from the parole searches of the cell phones and the searches pursuant to the February 2019 warrant. (*Id.* at ECF No. 38). After hearing oral argument, the District Court denied the motion. (*See id.* at ECF No. 46).

Thereafter, Plaintiff entered a conditional plea agreement, preserving his right to appeal the denial of his motion to suppress. (*Id.* at ECF No. 50). As for the factual basis for his plea, Plaintiff agreed to the following facts:

> Defendant, from approximately April 28, 2017 and continuing through approximately May 23, 2017, in Kern County, within the State and Eastern District of California and elsewhere, did knowingly receive one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and was of such conduct, and had been produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce. Specifically, the defendant received [] both a Unimax cellular phone and an LG cellular phone, which were each manufactured in China and therefore traveled in foreign commerce, at least one image file which contained a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct and was of such conduct, and which had traveled in interstate commerce, all in violation of Title 18, United States Code, Section 2252(a)(2). Defendant received at least 150 images but fewer than 300 images of material depicting minors engaged in sexually explicit conduct, and these images included depictions of pre-pubescent minors engaged in sado-masochistic conduct.

(*Id.* at ECF No. 50, p. 8).

3

Plaintiff was sentenced to 162 months in prison. (*Id.* at ECF No. 67). He appealed, challenging, in part, the evidence obtained via the parole searches and the February 2019 warrant. *Peterson*, 995 F.3d at 1068. However, the Ninth Circuit concluded that Plaintiff had a diminished expectation of privacy as a parolee and thus the district court "appropriately denied Peterson's motion to suppress with respect to the parole searches." *Peterson*, 995 F.3d at 1068. As to the evidence obtained as a result of the February 2019 warrant, the Ninth Circuit ruled as follows:

> Peterson argues that the warrantless seizure of his cell phones during the parole searches required suppression of the forensic evidence subsequently obtained by warrant. As just discussed, however, the parole searches were constitutionally permissible, and this argument fails.
>
> The Government did not rely on the independent source doctrine because the original parole searches were valid. On appeal, Peterson asserts that the phones "were reanalyzed utilizing previously captured forensic images." According to Peterson, these images were ordered suppressed when the Government filed a non-opposition to his first motion to suppress. Peterson argues that "there can be no independent source when there is no independent search."
>
> Peterson's argument is unavailing. Peterson failed to argue before the district court that the Government did not make new forensic images to analyze after obtaining the warrant, and therefore the argument is waived. *See United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004) (holding that a "theory for suppression not advanced in district court cannot be raised for the first time on appeal"). Had Peterson raised this argument below, the district court could have ruled on this factual dispute in the first instance, and if necessary, the asserted error could have been corrected by obtaining new forensic images of the phones. *See id.* (explaining that had the defendant made his suppression argument to the district court, the issue could have been addressed). The district court's order denying Peterson's motion to suppress was without error.

*Id.*

## II.  LEGAL STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Iqbal*, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

### III.    MOTION TO DISMISS

#### A.    Summary of the Parties Arguments

Defendant's motion to dismiss argues that, because Defendant's 2019 searches of Plaintiff's cell phones led to his conviction and sentence, a ruling that those searches violated the Fourth Amendment would necessarily imply the invalidity of those searches. (ECF No. 32-1, p. 4). Moreover, Defendant argues that, because the Ninth Circuit affirmed the denial of Plaintiff's challenge to the searches in his criminal case, a ruling in Plaintiff's favor here would contradict the Ninth Circuit's opinion.[2] (*Id.* at 5).

Plaintiff's response argues that *Heck* "carved out a case-specific Fourth Amendment exception" and thus provides no bar here. (ECF No. 33, p. 2). Additionally, because the government argued in his criminal case that it had other evidence than that obtained from Defendant's searches with which to "proceed to trial" and obtain a conviction, Plaintiff's challenge to the 2019 searches here would not necessarily imply the invalidity of his conviction.[3]

---

[2] Defendant states in a footnote that "Plaintiff's action is likely also barred by res judicata because he raised these same arguments before the Ninth Circuit, which rejected his arguments and concluded that '[t]he district court's order denying Peterson's motion to suppress was without error.'" (ECF No. 32-1, p. 5 n.3) (internal citations omitted). To the extent that this statement is intended as an argument to dismiss this case, the Court declines to consider it because *Heck* provides a basis for dismissal in its own right.

[3] Plaintiff briefly mentions that his lawsuit "is solely for punitive damages," which, read in context, might be an attempt to argue that the nature of the relief sought brings this matter outside of *Heck*. (ECF No. 33, p. 3). However, *Heck* itself concerned a request for punitive damages and did not involve injunctive relief nor a request for release from custody. 512 U.S. at 479. Accordingly, the Court rejects any suggestion that Plaintiff's request for punitive damages renders *Heck* inapplicable.

(*Id.* at 3). Also, the plea agreement never specified whether the factual basis for the guilty plea stemmed "from the forensic search, the parole search, or both" and thus success in this action would not necessarily imply the invalidity of his conviction. (*Id.*). Lastly, Plaintiff argues that the Ninth Circuit's opinion is not binding on this Court because it never discussed one of his challenges to the forensic searches on the merits but instead deemed it waived. (*Id.* at 4).

Defendant's reply argues that there is no Fourth Amendment exception to *Heck*. (ECF No. 34, p. 2). Further, Defendant argues that "Plaintiff's opportunistic argument that the evidence obtained from Defendant Sims' 2019 search somehow didn't matter to the outcome is belied by the position he consistently took throughout the course of his criminal proceedings," with Plaintiff seeking to suppress the evidence and then appealing the denial of his motion to the Ninth Circuit. (*Id.* at 3).

**IV.     ANALYSIS**

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted).

In *Heck*, the Supreme Court addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Heck*, 512 U.S. at 478. "[T]he Supreme Court held that a court must dismiss a § 1983 claim if (1) it seeks to recover damages for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' and (2) the plaintiff cannot show that 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."' *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016) (quoting *Heck*, 512 U.S. at 486-87); *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (holding "that the rationale of *Heck* applies to *Bivens* actions").

Here, Plaintiff's motion to suppress the evidence seized from the Unimax and LG cell phones from Defendant's searches was denied, and Plaintiff pled guilty and was convicted and sentenced based on the evidence contained in those phones. If Plaintiff were to be successful in the present *Bivens* action challenging the constitutionality of the Defendant's searches of the Unimax and LG cell phones, that success would necessarily imply the invalidity of Plaintiff's conviction and sentence. Thus, Plaintiff's claims are barred by *Heck*. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (concluding that *Heck* barred Plaintiffs' claims regarding allegedly unlawful searches by law enforcement).

While Plaintiff raises various counterarguments, none are convincing. First, Plaintiff cites footnote seven from *Heck* to argue that Fourth Amendment claims are not *Heck*-barred:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307–308, 111 S.Ct. 1246, 1263–1264, 113 L.Ed.2d 302 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n.7; (ECF No. 33, p. 2). However, the Ninth Circuit has long ago addressed footnote seven, concluding that *Heck* applies to Fourth Amendment violations. *Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007) (noting that while "[t]he Supreme Court left open the question whether *Heck's* bar applies to Fourth Amendment violations" the Ninth Circuit "since has answered that question in the affirmative"); *see also Szajer*, 632 F.3d at 611 (same).

Next, Plaintiff argues that, because the government purportedly had other evidence than

that obtained from Defendant's searches with which it could proceed to trial to obtain a conviction, his challenge to Defendant's searches would not necessarily imply the invalidity of his conviction. (ECF No. 33, p. 3). Plaintiff cites no authority supporting this argument and such a proposition—that the existence of additional incriminating evidence in a case somehow negates the import for *Heck* purposes of the evidence actually used to establish a conviction and sentence—is inconsistent with how courts have interpreted *Heck*.[4] Notably, "whether a § 1983 or other civil claim is *Heck*-barred where the underlying criminal conviction was obtained by way of plea (whether no contest or guilty) turns on the nature of the allegations in the civil action, *the factual basis of the criminal conviction*, and whether success on the former would undermine the validity of the latter." *Chavez v. City of California*, No. 1:19-CV-00646-DAD-JLT, 2020 WL 1234503, at *7 (E.D. Cal. Mar. 13, 2020) (emphasis added). As discussed above and further below, the factual basis for Plaintiff's criminal conviction and sentence stemmed from Defendant's searches. The Court does not see why the outcome should be different because the government may have had other evidence with which to proceed to trial if necessary.

Relatedly, Plaintiff argues that his plea agreement never specified whether the factual basis for the guilty plea stemmed "from the forensic search, the parole search, or both" and thus success in this action would not necessarily imply the invalidity of his conviction. (ECF No. 33, p. 3). However, the record confirms that Defendant's 2019 searches provided at least some of the evidence to support the factual basis for Plaintiff's conviction and sentence, or stated otherwise, the 2017 parole searches discussed above did not provide the sole basis for Plaintiff's conviction and sentence. Importantly, the parole searches of Plaintiff's Unimax and LG cell phones involved only a preview of the cell phones' contents with the parole agent discovering "several images" of suspected child pornography. (*See United States v. Peterson*, Case No. 17-cr-00255-NONE-SKO, ECF No. 41-1, p. 2-3 (declaration from parole agent describing "previewing" contents of cell

---

[4] While Plaintiff relies on *Spencer v. Kemna*, 523 U.S. 1, 17 (1998), that case primarily involved habeas issues and Plaintiff only cites that case as quoting *Heck*'s requirement that his claim "necessarily imply the invalidity" of his conviction. (ECF No. 33, p. 3). Accordingly, Plaintiff fails to provide any meaningful argument as to how *Spencer* supports his argument.

phones); ECF No. 25-1, pp. 11, 17 (parole violation reports describing finding "several images" of child porn)). In contrast, the forensic searches of the cell phones pursuant to the warrant in February 2019 yielded over one hundred images of child pornography. (*Id.* at ECF No. 41-2, pp. 19-20). Thus, the factual basis for Plaintiff's conviction, in which he agreed that he received "at least 150 images but fewer than 300 images of material depicting minors engaged in sexually explicit conduct" was based, at least in part, on Defendant's 2019 searches. Accordingly, a successful challenge to Defendant's 2019 searches would in fact necessarily imply the invalidity of Plaintiff's conviction and sentence.[5]

Lastly, Plaintiff counters that the Ninth Circuit's opinion does not preclude a ruling on the merits in his favor in this case because the Ninth Circuit concluded that he waived his argument that the government did not make new forensic images after obtaining the warrant by not raising it in the district court. (ECF No. 33, p. 4). The Court need not resolve this dispute that sounds more in the doctrine of res judicata than *Heck*. However, the Court believes it worth noting that Plaintiff's appeal of the denial of his motion to suppress challenging Defendant's 2019 searches underscores Defendant's point that, contrary to Plaintiff's current position, Plaintiff's appeal indicates that he previously acknowledged that the evidence from those searches was in fact used to convict and sentence him or else he would not have challenged Defendant's searches.

## V.     ORDER REGARDING SERVICE

Plaintiff's institution of confinement is currently listed as FCI Pollock. on the docket. However, in another of Plaintiff's cases, 1:19-cv-00138-DAD-EPG, he has filed a notice of appeal (ECF No. 101) dated February 28, 2022, stating that he is currently housed at FTC Oklahoma City but expects to be in FCI Pekin within the next two weeks. Given this information, **IT IS ORDERED** as follows:

1)     The Clerk is directed to send a copy of these findings and recommendations to both FCI Pollock (at Plaintiff's current address on the docket) and FCI Pekin (at FCI Pekin,

---

[5] The Court notes that Plaintiff agreed in his plea agreement that his base offense level in calculating his sentencing guidelines should be increased because the offense involved "at least 150 images, but fewer than 300." USSG § 2G2.2(b)(7)(B); (*see* ECF No. 50, p. 4).

Federal Correctional Institution, P.O Box 5000, Pekin, IL 61555; and FCI Pekin, Federal Correctional Institution, Satellite Camp, P.O Box 5000, Pekin, IL 61555)[6];

2) Within thirty (30) days after being served with these findings and recommendations, Plaintiff is directed to file a notice of change of address; and

3) Plaintiff is warned that failure to comply with this order may result in the dismissal of this action. *See* Local Rule 183(b).

## VI. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Defendant's motion to dismiss (ECF No. 32) be granted;

2) Plaintiff's complaint be dismissed, without prejudice to Plaintiff refiling this lawsuit if he succeeds in invalidating his conviction and sentence, as *Heck* barred;[7] and

3) The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\

---

[6] The Court directs the mailing to be sent to these two addresses because both are used on FCI Pekin's website for inmate mail and it is unclear whether Plaintiff will be in the Satellite Camp or not.

[7] While Defendant states that the complaint "must be dismissed with prejudice," the Ninth Circuit has concluded that a *Heck* dismissal is "required to be without prejudice so that [a plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *see also Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (same). It is worth noting that Plaintiff's conviction has been upheld by the Ninth Circuit on appeal and the United States Supreme Court has denied Plaintiff's petition for a writ of certiorari. *Peterson*, 995 F.3d at 1063, *cert. denied*, 142 S. Ct. 472.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 9, 2022**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

11